UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: PLAVIX MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION (NO. II)          MDL No. 2418

## TRANSFER ORDER

**Before the Panel:** Pursuant to 28 U.S.C. § 1407, common defendants Bristol-Myers Squibb Company (Bristol-Myers) and Sanofi-Aventis U.S. LLC, Sanofi-Aventis U.S. Services Inc., and Sanofi-Synthelabo, Inc. (collectively, Sanofi) move for centralization of this litigation in a federal district court in either New Jersey or New York. The litigation encompasses the 21 actions listed on Schedules A and B.[1]

Defendant McKesson Corporation supports the motion for centralization. Responding plaintiffs, however, uniformly oppose centralization. If the Panel orders centralization over their objections, then plaintiffs in the eleven Northern District of California actions and the two Eastern District of Pennsylvania actions favor selection of the Northern District of California as transferee district, and plaintiffs in the Southern District of Illinois *qui tam* action suggest the Southern District of Illinois.

This litigation is before us for a second time. Just over a year ago, we denied defendants' motion for centralization in MDL No. 2300, In re: Plavix Products Liability Litigation. *See In re: Plavix Prods. Liab. Litig.*, 829 F. Supp. 2d 1378 (J.P.M.L. 2011) ("*Plavix I*"). That docket involved a total of twelve actions pending in three districts. Of those twelve actions, three are also encompassed in the present motion for centralization.[2] Just as in the present docket, all responding plaintiffs opposed centralization.

In our order in *Plavix I*, we cited, *inter alia*, the fact that the ten constituent actions then pending in the District of New Jersey were commenced in either 2006 or 2007, and were significantly more advanced than the other two constituent actions, pending, respectively, in the Eastern District of New York and the Southern District of New York. *Id.* at 1378. We also noted that there were only a limited number of actions, that the two tag-along actions of which we then had been apprised

---

[1] As filed, the motion encompassed 30 actions; however, one of those actions was remanded to state court, two were dismissed without prejudice, one was dismissed on defendants' motion, and five were dismissed on summary judgment. The Panel has been notified of thirteen related federal actions. Those actions and any other related actions are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1, and 7.2.

[2] The other nine were voluntarily dismissed, dismissed for failure to prosecute, or dismissed on summary judgment.

were pending in the District of New Jersey, and that there were "relatively few involved counsel," as the same law firm represented plaintiffs in all the District of New Jersey actions, and plaintiffs in the Eastern District of New York and Southern District of New York actions also shared counsel. *Id.*

I.

In moving for centralization for a second time, Bristol-Myers and Sanofi argue that the litigation has expanded dramatically since we denied the motion in *Plavix I*. Responding plaintiffs argue quite the opposite.

As an initial matter, we note that our denial of centralization in *Plavix I* did not foreclose Bristol-Myers and Sanofi from filing this second motion for centralization. That earlier denial also does not preclude us from reaching a different result here. We will do so only rarely, however, where a significant change in circumstances has occurred.[3]  Upon careful review of the record, we agree with defendants that there has been such a change.

The state of affairs here differs from that in *Plavix I* in several significant respects. First, in *Plavix I*, ten constituent actions were pending in three districts. Two potential tag-alongs were pending also in the District of New Jersey – *i.e.*, the district with the most constituent actions. Now, by contrast, 21 constituent actions are pending in nine districts.[4] Also, thirteen potential tag-alongs, including one in the Northern District of Alabama, four in the Northern District of Illinois, one in the District of Oregon, one in the Eastern District of Tennessee, and one in the Northern District of West Virginia, are pending, increasing the number of districts to fourteen.

Second, at the time of our decision in *Plavix I*, we were aware of related state court litigation in only two states – New Jersey and New York. That number has at least doubled since then. The Miller Firm, which represents plaintiffs in a number of the constituent actions in this docket, states that it represents plaintiffs in "hundreds" of cases filed in California and Illinois, and defendants assert that the total number of state cases exceeds 2,000. This dramatic increase in the number of related state court cases suggests that the number of related federal actions will increase as well. Moreover, creation of a Plavix MDL will not only result in the usual Section 1407 efficiencies, it also likely will facilitate coordination among all courts with Plavix cases, simply because there will now be only one federal judge handling most or all federal Plavix litigation.

---

[3] *E.g., In re: Glaceau VitaminWater Mktg. & Sales Practices Litig. (No. II)*, 764 F. Supp. 2d 1349, 1350 (J.P.M.L. 2011) (centralizing three actions after prior denial of centralization of two actions, where it "seem[ed] likely that additional related actions could be filed"); *In re FedEx Ground Package Sys., Inc., Emp't Practices Litig. (No. II)*, 381 F. Supp. 2d 1380, 1381 (J.P.M.L. 2005) (centralizing fifteen actions after prior denial of centralization of seven actions, citing the fact that the litigation had "grown considerably").

[4] As explained below, we are not transferring actions from two of those districts (*i.e.*, the Northern District of California and the Northern District of Mississippi) at this time. Excluding those actions, however, still leaves nine constituent actions pending in seven districts.

Third, the number of law firms in the litigation also has increased significantly since *Plavix I*, where all the District of New Jersey plaintiffs were represented by the same law firms, and plaintiffs in the two other constituent actions also shared counsel. In the present docket, there are not only more involved actions but also significantly more involved counsel. For example, plaintiffs in the Northern District of Iowa action, the Western District of Louisiana action, the District of New Jersey *Kennovin* action, and the Northern District of Alabama potential tag-along action are each represented by a unique law firm (*i.e.*, a firm that has appeared in no other related action).

Responding plaintiffs argue, that the *Mattson* case in the District of New Jersey, which has been pending since 2007, is substantially advanced, has seen significant discovery completed, and has a summary judgment motion pending.[5] They contend that including it in the MDL will not serve the purposes of Section 1407. There is certainly merit to this argument. However, by deciding to assign this litigation to the Honorable Freda L. Wolfson, who has presided over *Mattson* since its commencement, we are confident that she can resolve any problems that may arise due to the different stages of the cases.

Plaintiffs in the Southern District of Illinois *qui tam* action argue that the action should be excluded from the MDL, because it is essentially premised on the accuracy of defendants' marketing communications, whereas the personal injury actions will focus on complex questions of drug science and medical causation. We are not persuaded by this argument. The complaints in the personal injury actions also contain numerous allegations that defendants improperly marketed Plavix.

II.

On the basis of the papers filed and hearing session held, we find that the actions listed on Schedule A involve common questions of fact, and that centralization in the District of New Jersey will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. These actions share factual issues arising from allegations that the Bristol-Myers and Sanofi defendants falsely touted Plavix as providing superior cardiovascular benefits to those of aspirin, and knew or should have known, misrepresented, or failed to disclose various serious risks of taking Plavix (*e.g.*, heart attack, stroke, internal bleeding, or death). Issues concerning the development, manufacture, regulatory approval, labeling, and marketing of the drug are thus common to all actions. Centralization will eliminate duplicative discovery, prevent inconsistent pretrial rulings (on *Daubert* issues and other matters), and conserve the resources of the parties, their counsel, and the judiciary.

We conclude that the District of New Jersey is an appropriate transferee district for pretrial proceedings with respect to the actions listed on Schedule A. According to defendants, they developed Plavix, secured regulatory approval to sell it, and developed the labeling, warnings, packaging, and other promotional materials for the drug all in New Jersey. Sanofi is headquartered

---

[5] *Mattson* was one of the ten District of New Jersey actions included in the Section 1407 motion in *Plavix I*, and the only one of those ten still pending.

- 4 -

in New Jersey, and Bristol-Myers is headquartered in New York. Accordingly, many of defendants' witnesses and documents will be found in or near New Jersey. Judge Wolfson has been overseeing the Plavix cases in the District of New Jersey for several years, and thus has developed significant familiarity with the factual and legal issues that this litigation presents. She has served as a transferee judge in three MDLs, but has none at present.

Finally the twelve actions listed on Schedule B present us with an unusual dilemma. These actions, in which remand motions are pending, were removed from state court on multiple grounds, including that they are "mass actions" under the Class Action Fairness Act (CAFA). *See* 28 U.S.C. § 1332(d)(11)(B)(i). CAFA provides that "[a]ny action(s) removed to Federal court pursuant to this subsection shall not thereafter be transferred to any other court pursuant to section 1407 . . . unless a majority of the plaintiffs in the action request transfer pursuant to section 1407." § 1332(d)(11)(C)(i). This raises at least two questions, viz. whether (1) an action removed on multiple grounds, including CAFA's "mass action" provision, falls within the transfer bar of Section 1332(d)(11)(C)(i), and (2) the answer to the foregoing question depends upon whether the other grounds for removal are valid. No party briefed the CAFA issues to us, and until the remand motions are decided, the basis or bases on which the actions were properly removed (assuming removal was proper) are unclear. In these unusual circumstances, we believe it best to deny, without prejudice, transfer of these actions at this time, and to await rulings by the two putative transferor courts – the Northern District of California and the Northern District of Mississippi – on the remand motions pending therein. In the event that remand is denied, these actions may be subject to transfer to the MDL pursuant to the conditional transfer order process set forth in Panel Rule 7.1.

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the District of New Jersey are transferred to the District of New Jersey, and, with the consent of that court, assigned to the Honorable Freda L. Wolfson for coordinated or consolidated pretrial proceedings.

IT IS FURTHER ORDERED that the motion pursuant to 28 U.S.C. § 1407, for centralization of the actions listed on Schedule B is denied without prejudice.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

| | |
|---|---|
| Kathryn H. Vratil | W. Royal Furgeson, Jr. |
| Paul J. Barbadoro | Marjorie O. Rendell |
| Charles R. Breyer | Lewis A. Kaplan |

IN RE: PLAVIX MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION (NO. II)                     MDL No. 2418

## SCHEDULE A

### Southern District of Illinois

United States of America, et al. v. Bristol Myers Squibb Company, et al.,
C.A. No. 3:11-00246

### Northern District of Iowa

Raymond Snyder, et al. v. Bristol-Myers Squibb Company, et al., C.A. No. 5:12-04091

### Western District of Louisiana

Rita Touriac, et al. v. Chenevert, et al., C.A. No. 6:12-01785

### District of New Jersey

Sharon Mattson v. Bristol-Myers Squibb Company, et al., C.A. No. 3:07-00908
Barbara A. Kennovin v. Bristol-Myers Squibb Company, et al., C.A. No. 3:12-05059

### Eastern District of New York

Marcella Chesney v. Bristol-Myers Squibb Company, et al., C.A. No. 1:11-03246

### Southern District of New York

Kenneth Petit v. Bristol-Myers Squibb Company, et al., C.A. No. 1:11-05159

### Eastern District of Pennsylvania

Judy Brown v. Bristol-Myers Squibb Company, et al., C.A. No. 2:12-00299
Derotha Little v. Bristol-Myers Squibb Company, et al., C.A. No. 2:12-00514

IN RE: PLAVIX MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION (NO. II)  MDL No. 2418

## SCHEDULE B

Northern District of California

Sandra L. Kinney, et al. v. Bristol-Myers Squib Company, et al., C.A. No. 3:12-04477
Bennie Burman, et al. v. Bristol-Myers Squib Company, et al., C.A. No. 3:12-04478
Wauneta Raynor, et al. v. Bristol-Myers Squibb Company. et al., C.A. No. 3:12-04615
George Robinson, et al. v. Bristol-Myers Squibb Company, et al., C.A. No. 3:12-04616
Iris Meeks, et al. v. Bristol-Myers Squibb Company, et al., C.A. No. 3:12-04617
Jack Morgan Olmstead, et al. v. Bristol-Myers Squib Company, et al., C.A. No. 3:12-04619
George Dillard, et al. v. Bristol-Myers Squibb Company, et al., C.A. No. 3:12-04633
Virgil Walden, Jr., et al. v. Bristol-Myers Squibb Company, et al., C.A. No. 3:12-04641
Damon Kaluza, Sr., et al. v. Bristol-Myers Squibb Company, et al., C.A. No. 3:12-04642
Vertus Corkerin, et al. v. Bristol-Myers Squibb Company, et al., C.A. No. 3:12-04803
James T. Aiken, et al. v. Bristol-Myers Squib Company, et al., C.A. No. 3:12-05208

Northern District of Mississippi

Jim Hood v. Bristol-Myers Squibb Company, et al., C.A. No. 1:12-00179